**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ENDURE INDUSTRIES, INC.** § | | |
| § | | |
| Plaintiffs, § | CIVIL ACTION NO. 3:20-cv-3190-X | |
| § | | |
| v. § | | |
| § | | |
| VIZIENT, INC., a Delaware corporation, § | | |
| VIZIENT SUPPLY, LLC, a Delaware § | | |
| limited § | | |
| VIZIENT SOURCE, LLC, a Delaware § | JURY DEMANDED | |
| limited liability company, and PROVISTA, § | | |
| INC., a Delaware corporation, § | | |
| § | | |
| Defendants. § | | |

## ENDURE'S PARTIAL OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER AND STAY OF DISCOVERY

Plaintiff Endure Industries, Inc. ("Plaintiff" or "Endure") will not oppose a general stay of discovery, but respectfully requests that the Court order the defendants (collectively, "Vizient") to at least confer with Endure over the coming weeks regarding the parties' pending written discovery disputes. This will allow the parties to quickly resume proceedings should the Court deny, in whole or in part, Vizient's pending motion to dismiss.

Endure initially opposed a stay because this case survived dismissal already and is close to two years old. But we also understand, as the Court itself previously noted,

that Vizient may "file an appropriate motion" to secure "relief from discovery." *See* Dkt 103. We do believe that with the Court's assistance, we can strike a balance that gives Vizient substantial relief from discovery while positioning this case for prompt resumption.

As Vizient notes, prior counsel served 183 requests. We wish to narrow those requests, reach agreement on as many as possible, have Vizient produce what they agree to, and—if the Court denies in whole or in part Vizient's motion to dismiss—Endure can file a motion to compel as to the rest. We believe that this work will involve a handful of phone calls and meetings with opposing counsel. And if the Court denies, in whole or in part, Vizient's motion to dismiss, then the parties will be prepared to immediately proceed with discovery in an efficient manner that minimizes additional delays. Endure proposed this framework to Vizient, but Vizient remains opposed to any discovery work at all.

This case has a material and ongoing impact on the plaintiff. The plaintiff is a small business faced with practices that exclude it from the principal markets for its services. Delays matter. So we seek to balance Vizient's right to avoid potentially unnecessary discovery expense, with Endure's right to expeditiously advance claims that have already survived dismissal once. We therefore ask the court to order Vizient to confer with Endure on the already propounded written discovery requests; reach agreement where possible; produce any additional documents it agrees to produce; and, should the Court

deny Vizient's motion, the stay is lifted and Endure may move to compel then. No other discovery would take place during this partial stay.

We appreciate the Court's consideration, and respectfully request any additional relief the Court deems appropriate.

Dated: July 1, 2022

By /s/ *Andres Correa*
Christopher W. Patton
State Bar No. 24083634
cpatton@lynnllp.com
Andrés Correa
State Bar No. 24076330
acorrea@lynnllp.com
Jervonne Newsome
State Bar No. 24101787
jnewsome@lynnllp.com
Cory Johnson
State Bar No. 24046162
cjohnson@lynnllp.com

**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
Telephone: 214-981-3800
Facsimile: 214-981-3839

*Attorneys for Plaintiff Endure Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served *via Texas E-File* to all counsel of record on July 1, 2022.

/s/ *Andres Correa*
Andres Correa