UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENDURE INDUSTRIES INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-3190-X |
| | § | |
| VIZIENT INC., et al., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Vizient's[1] motion to dismiss Endure Industries, Inc.'s ("Endure") complaint for failure to state a claim. [Doc. No. 105]. Having carefully reviewed the parties' arguments and the applicable law, the Court finds that the points of dispute contained therein are more appropriate for resolution at the summary-judgment stage of this case. Accordingly, the Court **DENIES** the motion.[2]

As it awaits the parties' summary-judgment arguments, the Court eagerly anticipates reviewing a fuller evidentiary record that will presumably illuminate several questions. Did Endure bring its antimonopoly action against the correct party, given that Vizient is a Group Purchasing Organization ("GPO") that does not sell medical supplies and Endure is a seller of medical supplies? Is Endure currently

---

[1] "Vizient" consists of Vizient, Inc.; Vizient Supply, LLC; Vizient Source, LLC; and Provista, Inc.

[2] In denying this motion, the Court neither adopts nor endorses any of Endure's allegations, including its version of the relevant market in this case. As it must, the Court merely takes Endure's allegations as true at the motion-to-dismiss stage. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

selling medical supplies through a different GPO, and, if so, how did losing its bid with Vizient exclude Endure from the market or prevent it from competing? Why was Endure submitting bids seeking to partner with Vizient if it believed Vizient was using unlawful monopolistic and anticompetitive practices?

As this case progresses, the Court also hopes to learn more about the scope of the injunctive relief Endure seeks, the extent and basis for Endure's jury demand, and the authority backing Endure's claim for attorney's fees.

The Court **ORDERS** the parties to meet and confer within fourteen days of this Order, after which counsel shall submit a Joint Proposal. The format for this Joint Proposal can be found at the United States District Court for the Northern District of Texas website under Judges > District Judges > Judge Brantley Starr > Standard Forms.[3] The Joint Proposal must contain the following items.

1. A proposed time limit to file motions for leave to join other parties and to amend the pleadings;
2. Proposed time limits to file various types of motions;
3. A proposed plan and schedule for discovery, including a time limit to complete discovery;
4. A proposal for limitations, if any, to be placed upon discovery;
5. A proposed time limit to designate expert witnesses;
6. A proposed trial date, estimated number of days required for trial, and whether a jury has been demanded;
7. A proposed date for commencing settlement negotiations;
8. Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge;[4]

---

[3] http://www.txnd.uscourts.gov/judge/judge-brantley-starr.

[4] Before responding to this question, counsels are directed to carefully review the provisions of 28 U.S.C. § 636(c) and, specifically, section 636(c)(3).

2

9. Whether the parties are considering mediation or arbitration to resolve this litigation, and if not then why not;[5]

10. Any other proposals regarding scheduling and discovery and that the parties believe will facilitate expeditious and orderly preparation for trial, including the parties' positions on a consolidated discovery schedule; and

11. Any other matters relevant to the status and disposition of this case.

**IT IS SO ORDERED** this 8th day of January, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[5] The Court encourages the early use of mediation or arbitration.