UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENDURE INDUSTRIES INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-3190-X |
| | § | |
| VIZIENT INC., et al., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Endure Industries, Inc. ("Endure") filed a motion to compel Vizient[1] to produce documents and allow two depositions. (Doc. 220). Endure filed this motion nearly two months after the fact discovery deadline. "Courts generally look[] to the deadline for completion of discovery in considering whether a motion to compel has been timely filed."[2] "Courts have considered a number of factors in determining whether a motion to compel filed after the discovery deadline is untimely and/or should be permitted, including (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, [6] the age of the case, [7] any

---

[1] "Vizient" consists of Vizient, Inc.; Vizient Supply, LLC; Vizient Source, LLC; and Provista, Inc.

[2] *Days Inn Worldwide Inc. v. Sonia Inves.*, 237 F.R.D. 395, 397 (N.D. Tex. July 17, 2006) (Ramirez, M.J.).

prejudice to the party from whom late discovery was sought, and [8] disruption of the court's schedule."[3]

If Endure wanted to have timely received the discovery it seeks, its "motion had to [have been] filed sufficiently in advance of the discovery deadline (not the motions deadline) in order to allow it to be heard by a court."[4]  It didn't do so.  Here, fact discovery was due on December 22, 2023, and the parties agreed to an extension for expert reports to January 5, 2024.  Endure filed this motion on February 15, 2024.  It was untimely, and the *Days Inn* factors also weigh in favor of disallowing the motion.

First, Endure's motion was filed nearly two months after the discovery deadline—considerably later than even the two-week-late motion in *Days Inn*.[5]  This deadline had already been extended multiple times.  Further, Endure is moving for the Court to overrule document production objections—objections that Endure had since December 15, 2023, one week before the discovery deadline.  As to the reason for the tardiness or delay, Endure also hasn't discussed this.  The Court notes that on January 31, 2024,[6] it had to vacate all other deadlines—including the deadline for summary-judgment motions—while it resolves Vizient's motion to strike expert reports.[7]  Importantly, the Court's order to vacate the remaining deadlines was *after*

---

[3] *Id.* at 398.

[4] *Id.*

[5] *See id.* at 399.

[6] Doc. 212.

[7] Doc. 213.

both the fact and expert discovery deadlines. So it's not as though Endure could have assumed the discovery deadline was also vacated. Not to mention this case has been going on for years. Potential prejudice to Vizient for allowing the late discovery would be further delaying the case—though there are other discovery motions still pending. And finally, it will disrupt the Court's schedule to allow this motion to proceed, wait for all of the briefing, and then to rule on it.

The Court understands that this is a "complex and fact-intensive" case as Endure calls it.[8] But Endure's motion is untimely and without justification.

For the foregoing reasons, the Court **DENIES** the motion.

**IT IS SO ORDERED** this 26th day of February, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[8] Doc. 220 at 4.