UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENDURE INDUSTRIES INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-3190-X |
| | § | |
| VIZIENT INC., et al., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Vizient's[1] motion to strike Endure Industries, Inc.'s ("Endure") second round of expert reports under Federal Rules of Civil Procedure 26 and 37. (Doc. 213). Having reviewed the parties' arguments and relevant law, the Court **DENIES** Vizient's motion.

At bottom, the parties' dispute is a familiar one: were Endure's additional expert reports "supplemental" and thus not only permitted but required for disclosures under Rule 26(e) or untimely and improper under Rule 26(a)(2)?

### I. Background

Vizient tells the story like this. On November 3, 2023—the deadline for expert disclosures—Endure designated three experts along with expert reports.[2] Vizient then deposed two of Endure's named experts in early December and retained rebuttal

---

[1] "Vizient" consists of Vizient, Inc.; Vizient Supply, LLC; Vizient Source, LLC; and Provista, Inc.

[2] Doc. 213 at 6.

1

witnesses.[3]  On December 18, 2023—the deadline for rebuttal expert disclosures—Vizient disclosed its rebuttal experts and their reports.[4]  Then, on January 20, Endure produced its second round of expert reports to Vizient which "contained more than a hundred pages of new opinions, analyses, and methodologies, most of which have no relation to any document Vizient produced after November 3."[5]  At the time, the deadlines for summary-judgment and *Daubert* motions were only a few weeks away on February 2, 2024.[6]

Endure, on the other hand, sees things differently.  Nearly six months before Endure's expert disclosure deadline, Endure requested the production of reports relating to products Vizient offers under its Impact Standardization Programs.[7]  Such data would be "critical to Endure's experts' reports."[8]  From May to the October 20, 2023 deadline for the completion of discovery, Vizient provided data "in varying forms and in differing levels of aggregation" that was, in Endure's words, "unworkable."[9]  Endure relied on the sales data it had received in its initial expert disclosures.  Following Endure's expert disclosures, Vizient provided new sales data in thousands of pages that "not only included hundreds of millions in previously undisclosed sales,

---

[3] *Id.* at 7.

[4] *Id.*

[5] *Id.*

[6] The Court has since stayed all deadlines pending the resolution of the underlying motion.

[7] Doc. 218 at 7.

[8] *Id.*

[9] *Id.* at 8.

2

but also reflected a more organized and workable form of ISP data."[10] Endure claims that Vizient's experts themselves relied on the new sales data in their rebuttal reports.[11] Then on January 20, 2024—"eight days after Vizient's most recent production"—Endure supplemented its expert opinions.[12]

Vizient now moves to strike Endure's second round of expert reports under Rule 26 and Rule 37.

## II. Legal Standard

Under Rule 26(e) of the Federal Rules of Civil Procedure, a party "must supplement" an expert report if "the party learns in some material respect [that] the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[13]

Even if Endure's second round of expert reports are not a proper supplement under Rule 26(e), if the failure to make the timely disclosure "was substantially justified or . . . harmless,"[14] the reports won't be struck. In assessing whether a violation of Rule 26 is harmless, "the court examines four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the

---

[10] *Id.* at 9. Vizient produced new documents and data sets on November 3, 2023 (Endure's deadline for expert disclosures) and on dates *after* the November deadline: December 1, 2023, December 6, 2023, December 13, 2023, and January 12, 2024.

[11] *Id.*

[12] *Id.* at 12.

[13] FED. R. CIV. P. 26(e)(1)(A).

[14] *Id.* 37(c)(1).

3

explanation for the party's failure to disclose."[15]  "Courts have broad discretion in deciding whether a Rule 26(a) or (e) violation is substantially justified or harmless."[16]

### III.  Analysis

"Assuming *arguendo*" that Endure's second round of expert opinions aren't "a proper supplement under Rule 26(e), the [C]ourt concludes that the report[s] should not be stricken under Rule 37(c)(1) because [Endure's] failure to make a timely disclosure is harmless."[17]

First, Endure claims the reports are critical to proving damages.[18]  The second round of reports include opinions by Endure experts that "specifically address the impact of Vizient's new information on the scope of Endure's injury and damages."[19]  Vizient contends that the new reports aren't very important to Endure because, instead of providing new information, the reports are "an improper attempt to fill enormous analytical gaps."[20]  The Court finds the second round of reports are important because Endure will need a damages model "based on complete and accurate data" to prove its antitrust claim at trial.[21]

---

[15] *Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2013 WL 81578, at *2 (N.D. Tex. Jan. 8, 2013) (Fitzwater, J.).

[16] *Hanan v. Crete Carrier Corp.*, No. 3:19-CV-0149-B, 2020 WL 1692952, at *2 (N.D. Tex. April 7, 2020) (Boyle, J.).

[17] *See Hoffman*, 2013 WL 81578, at *1.

[18] Doc. 218 at 25.

[19] *Id.*

[20] Doc. 213 at 20.

[21] Doc. 218 at 25; *see Hoffman*, 2013 WL 81578, at *2 (finding that a supplemental expert report on damages was important under this factor).

4

As to the potential prejudice of allowing Endure's second round of expert opinions, Vizient points to the "extensive resources" it will need to devote "to analyz[e] and respond[] to more than 100+ pages of sur-rebuttal, new opinions, and new analyses."[22] As held in *Hoffman*, "Defendants have not shown that they must incur unreasonable additional costs that could have been avoided by an earlier disclosure."[23] And as the Court addresses below, Endure claims it could not have disclosed the expert reports any earlier since the reports relied on new data received by Vizient. Vizient also claims it's been "deprived of an opportunity" to re-depose Endure's witnesses.[24] But the Court disagrees.

This relates to the third factor, the possibility of curing the prejudice by granting a continuance. Vizient argues that even if the Court continues the trial schedule, Vizient would be prejudiced without the opportunity to re-depose the experts or "potentially serve new rebuttal reports."[25] But since the Court has vacated all deadlines—including the trial schedule—the Court finds that a continuance of the deadlines and allowing for re-depositions or securing new rebuttal opinions if necessary would cure any prejudice, even if "those additional steps" would be costly.[26] If needed, the Court will allow Vizient to re-depose those experts with late opinions

---

[22] Doc. 213 at 21.

[23] *Hoffman*, 2013 WL 81578, at *2.

[24] Doc. 213 at 21.

[25] Doc. 219 at 13.

[26] *Id.*

(Dr. Loren K. Smith, John Strong, and Gary Durham) and provide new rebuttal opinions by the deadlines in the subsequent amended scheduling order.

This brings us to the fourth factor. Vizient's provision of critical data late in the game seems to be the reason for Endure's supplementation of expert reports. Endure claims its delay in providing the updated reports "was due purely to Vizient's delay in producing relevant data."[27] Though Vizient claims the data it provided "could never justify the new opinions and analysis on totally separate topics,"[28] the Court points to Vizient's own statement that it "was upfront about": that "[t]here's no question that Vizient produced supplemental data related to member-hospital spending on December 1."[29] Vizient provided this supplemental data nearly one month after Endure's deadline to file its expert reports, so the Court finds that this factor also weighs in favor of granting the motion to strike.

Looking at the four factors, the Court finds that Endure's failure to provide the supplemental reports by the November 3, 2023 deadline was harmless. Accordingly, the Court **DENIES** Vizient's motion to strike and reschedules the trial of this case to the two-week docket of November 12, 2024. An amended scheduling order will follow.

**IT IS SO ORDERED** this 19th day of April, 2024.

---

[27] Doc. 218 at 25.

[28] Doc. 219 at 10.

[29] Doc. 213 at 8.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE